UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DAVID GALESKI, JR.,

       Plaintiff,

v.

TONY TRIERWEILER et al.,

       Defendants.

_____/

Case No. 1:19-cv-642

Honorable Paul L. Maloney

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Trierweiler, Mote, and Davids.

## **Discussion**

### I.     Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. The

events about which he complains occurred at that facility. Plaintiff sues Warden Trierweiler, Assistant Resident Unit Manager Laura Normington, Resident Unit Manager Unknown Mote, and Deputy Warden Unknown Davids.

Plaintiff alleges that on December 29, 2016, Physician Assistant Rosilyn Jindal placed a special accommodation notice in Plaintiff's medical file indicating that he was at risk of a heat related illness. On March 7, 2017, Plaintiff was transferred from the Gus Harrison Correctional Facility to the protective custody unit at Bellamy Creek Correctional Facility. Plaintiff was confined to his cell 22 to 23 hours a day. Plaintiff states that at some point, he wrote to unit supervisors regarding rising temperatures in his cell. Plaintiff provided the special accommodation notice along with proof that he was indigent and could not buy a fan. Defendant Normington responded to Plaintiff's letter by stating that the MDOC only accommodates prisoners with a cell fan if they are in a doubled bunked cell. Since Plaintiff was in a single cell, he was not eligible to receive a six inch portable fan.

Plaintiff subsequently contacted health services and asked to be evaluated for a special accommodation cell fan to prevent heat stroke. Health services responded that it did not provide fans, but that Plaintiff should discuss his special accommodation order with his unit supervisor. Plaintiff also wrote the property room officer and provided his special accommodation order, proof of indigency, and a request for a cell fan to prevent heat stroke. Corrections Officer Pohl responded by telling Plaintiff that Defendant Normington was denying his request for a fan. Plaintiff then wrote to Defendant Normington and asked to be placed in a double bunk cell so that he could be given a cell fan.

Plaintiff alleges that increasing temperatures in his cell were causing him to become lightheaded and dizzy. Plaintiff contacted health services about his symptoms and requested

2

information on how to prevent them. Plaintiff filed a grievance against Officer Pohl and Defendant Normington on June 19, 2017. The next day, Defendants Mote and Davids responded, finding no violation of policy. Plaintiff filed an appeal, which was denied by Defendant Trierweiler.

Over the next six weeks, as the temperature rose in Plaintiff's cell, he suffered from nausea and vomiting, increased dizziness and lightheadedness, and began to have episodes of losing consciousness. On August 8, 2017, Plaintiff wrote another letter to Defendant Normington, who again refused to allow Plaintiff to move to a double bunk cell. Plaintiff then filed a grievance on Defendants Normington, Mote, and Davids. In the grievance response, Defendants Mote and Davids stated that there was no evidence to support Plaintiff's claim. On August 11, 2017, Plaintiff wrote a letter to Defendant Trierweiler explaining his situation and asking Defendant Trierweiler to look into it. Plaintiff never received a response to his letter, but on August 25, 2017, Defendant Trierweiler denied Plaintiff's grievance appeal.

Plaintiff filed another grievance on August 15, 2017, complaining that Defendants Normington, Mote, Davids, and Trierweiler were all ignoring a serious risk to Plaintiff's health. Plaintiff's grievance was rejected and Defendant Trierweiler upheld the rejection on August 25, 2017. Plaintiff wrote a second letter to Defendant Trierweiler on August 16, 2017, but received no response.

Plaintiff states that he contracted a skin fungus known as Tinea Versicolor as a result of the heat and humidity in his cell. Plaintiff states that he was classified as indigent and received $0.00 in his prisoner account between March 7, 2017, and June of 2018. Plaintiff claims that Defendants disregarded a serious risk to his health in violation of the Eighth Amendment. Plaintiff seeks compensatory and punitive damages, as well as declaratory and equitable relief.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Defendants Trierweiler, Mote, and Davids

Plaintiff fails to make specific factual allegations against Defendants Trierweiler, Mote, and Davids, other than his claim that they failed to conduct an investigation in response to his grievances, and denied his grievances and appeals. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Trierweiler, Mote, and Davids engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### IV. Defendant Normington

Plaintiff specifically alleges that he had a special accommodation order regarding his history of heat related illness and that he suffered from symptoms of heat stroke as a result of

5

Defendant Normington's refusal to give him a cell fan.  The Court concludes that Plaintiff's Eighth Amendment claim against Defendant Normington is not clearly frivolous and may not be dismissed on initial review.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Trierweiler, Mote, and Davids will be dismissed for failure to state a claim, under 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c).  Plaintiff's Eighth Amendment claim against Defendant Normington remains in the case.

An order consistent with this opinion will be entered.

Dated:   November 13, 2019                      /s/ Paul L. Maloney
                                                Paul L. Maloney
                                                United States District Judge